UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CIUDADANOS EN DEFENSA DEL AMBIENTE, INC. and CIUDADANOS DEL KARSO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AUTORIDAD DE TIERRAS DE PUERTO RICO, <br><br> Defendant. | Civil No. 96-2436 (JAF) |

**O R D E R**

**I.**

On November 22, 1996, Plaintiffs, Ciudadanos en Defensa del Ambiente, Inc. ("CEDDA") and Ciudadanos del Karso, Inc. ("CDK"), sued Defendant, Autoridad de Tierras de Puerto Rico ("ATPR"), for repeated violations of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251-1376 (1988) ("the Act").

Plaintiffs are environmental, non-profit membership corporations organized under the laws of the Commonwealth of Puerto Rico. Plaintiffs CEDDA and CDK brought this citizen suit pursuant to section 1365(b)(a)(1) of the Act against Defendant ATPR for its



AO 72
(Rev 8/82)

Civil No. 96-2436 (JAF)                                                                 2-

alleged violations of sections 1311, 1319, and 1344 of the Act[1] in the westernmost lateral channel of Caño Tiburones, a 5,704-acre wetland owned by Defendant and located between the municipalities of Arecibo and Barceloneta, Puerto Rico.

On January 15, 1997, the Director of the Division of Environmental Planning and Protection of the Environmental Protection Agency ("EPA") issued an Administrative Complaint based on Defendant's alleged violations of the Act for dredging and discharging dredged material in Caño Tiburones and its adjacent wetlands. On October 17, 1997, Defendant entered into a Consent Order with the EPA, which concluded that Defendant would pay a civil penalty in the amount of $15,000.

On December 16, 1997, Plaintiffs requested a voluntary dismissal of its claim for civil penalties. <u>Docket Document No. 18</u>. Plaintiffs continued to seek declaratory and injunctive relief, wetland restoration, and an award of costs.

Defendant ATPR entered into a 99-year lease with the Puerto Rico Department of Natural and Environmental Resources ("PRDNER"), and created the Caño Tiburones Natural Reserve ("CTNR") in November 1998.

---

[1] Section 1311 of the Act addresses effluent limitations. Section 1319 discusses enforcement of the Act, and Section 1344 pertains to permits for dredged or fill material.

Civil No. 96-2436 (JAF)                                                      3-

The CTNR is comprised of approximately 3,450 acres of mostly herbaceous wetland.

On June 7, 1999, this court entered a Consent Decree, by which the parties agreed, <u>inter alia</u>, that Defendant ATPR would: (1) create a wetland conservation easement in favor of the Puerto Rico Conservation Trust; (2) pay for the preparation of all documents necessary for the creation of the easement; and (3) pay to register the easement with the Property Registry. <u>Docket Document No. 32</u>.

On December 8, 1999 and March 20, 2000, Plaintiffs filed motions explaining that Defendant ATPR had not prepared the documents to create and register the easement, in contravention of paragraphs seven, eight, and ten of the Consent Decree. <u>Docket Documents No. 33, 34</u>. Plaintiffs requested that this court issue an Order to Show Cause as to why Defendant ATPR should not be found in contempt for its failure to comply with the Consent Decree. <u>Id.</u>

On May 19, 2000, we ordered the parties to meet and take the steps necessary to secure full compliance with the Consent Decree within twenty days or risk sanctions. <u>Docket Document No. 35</u>.

Plaintiffs moved for sanctions on August 30, 2000 because Defendant ATPR still had not complied with the provisions of the June 7, 1999 Consent Decree requiring the creation and registration of an easement. <u>Docket Document No. 37</u>. On November 30, 2000, we

Civil No. 96-2436 (JAF) 4-

approved Plaintiff's proposed time-line for Defendant ATPR's compliance. Id.

On October 30, 2001, Plaintiff again filed a motion for sanctions, informing this court that Defendant ATPR had not complied with the Consent Decree requirements within the approved time period. Docket Document No. 38.

This court held a hearing on January 31, 2002 regarding Defendant's failure to comply with the 1999 Consent Decree. It is undisputed that Defendant ATPR continues to disregard its obligations to create and register the easement.

II.

The June 4, 1999 Consent Decree is binding on Defendant ATPR, and it is subject to continuing supervision and enforcement by this court. See Morales Feliciano v. Rosselló González, 124 F.Supp. 2d 774, 784 (D.P.R. 2000).

In the present case, Defendant ATPR has refused to comply with the 1999 Consent Decree despite this court's threat to levy sanctions and our approval of a fixed time-line for compliance.

Where one party refuses to comply with a decree, this court has the duty to "protect the integrity" of that decree. Id. A party will be found in contempt of our authority for disobedience of a lawful

Civil No. 96-2436 (JAF)                                                                 5-

decree. See 18 U.S.C. § 401 (1994 & Supp. I 2001). A contemnor is subject to punishment of fine or imprisonment. Id.

One objective of a contempt order, including contempt sanctions, is to coerce a party to obey with a court's decree. See Feliciano Morales, 124 F.Supp. at 784 (internal citations omitted). "Recognizing the contempt power's virility and damage potential, courts have created a number of prudential principles designed to oversee its deployment." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991). First, a court should use the minimal power necessary to achieve the desired end. Id.; see also Spallone v. United States, 493 U.S. 265, 276 (1990). Second, a court should issue sanctions only upon clear and convincing evidence of contempt. Project B.A.S.I.C., 947 F.2d at 16. Third, contempt is appropriate only where the party has disregarded a clear and unambiguous court order. Id.

Defendant's duty to create and register an easement was unambiguously established in the 1999 Consent Decree. After extensive and unexplained delays, this court approved a fixed time-line for compliance, which has long since expired. For over two and one-half years, Defendant has flaunted its obligation to create and

Civil No. 96-2436 (JAF)                                                          6-

register an easement. This court has ordered Defendant to comply, issued warnings, and threatened sanctions, to no avail.

### III.

This court finds that Defendant ATPR is in contempt for its continuous disobedience of our orders. Pursuant to 18 U.S.C. § 401, we **ORDER** Defendant ATPR to pay contempt sanctions in the amount of $500 per day until it complies with the provisions of the June 7, 1999 Consent Decree. The money is payable to the Clerk's Office of the United States District Court for the District of Puerto Rico every fifteen days.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of February, 2002.

JOSE ANTONIO FUSTE
U. S. District Judge